IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHNNY RICHARD POWERS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-01121-STA-jay |
| | ) |
| CITY OF MIDDLESON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER GRANTING PLAINTIFF LEAVE TO AMEND**

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 17) that the Court grant Defendant City of Middleton's Motion to Dismiss (ECF No. 10). Plaintiff Johnny Richard Powers, Jr. has filed timely objections (ECF No. 18) to the report and recommendation. For the reasons set forth below, the Magistrate Judge's report and recommendation is **ADOPTED**. However, the Court will grant Plaintiff leave to amend his pleadings.

**BACKGROUND**

On June 7, 2024, Plaintiff filed a Pro Se Complaint using the form for complaints for the violation of civil rights based on 42 U.S.C. § 1983. The Pro Se Complaint named the City of Middleton, Tennessee as the only Defendant. Plaintiff paid the civil filing fee and caused summons to issue. Pursuant to Administrative Order 2013-05, the case was assigned to the Magistrate Judge for the management of all pretrial matters, including the determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters. As

part of his report and recommendation on Defendant's Motion to Dismiss, the Magistrate Judge has described the allegations of the Pro Se Complaint as follows.

The Pro Se Complaint consists of sparse allegations. In the "Statement of Claim" portion of his Complaint, Powers states: "[c]ompensation of stolen property, compensation of damaged property. Due to the actions of the Police they reinjured previous knee injury from past car wreck." Pro Se Complaint 2, ¶ IV. Powers repeated verbatim his Statement of Claim in the "Relief" section of his Complaint. *Id.* at 3, ¶V. Powers submitted three exhibits in support of his Pro Se Complaint. The first exhibit is a letter sent to him from Jimmy Simpson, the City Administrator, dated June 30, 2023, which states:

> Mr. Powers,
>
> Enclosed are invoices submitted to the City of Middleton for the costs incurred by the City in remedying the condition of your property as noted in the multiple written letters sent to you since September 2019. Demand is made that payment by you to the City of the total sum of these invoices, that is $4,589.06, be made within thirty (30) days of the date of this letter. Failure to reimburse the City this sum will result in the filing of a Notice of Lien on your property in favor of the City and assessed as a special assessment on your 2023 property tax bill. If you have any questions, you may call City Hall.

ECF No. 1-1.

The second exhibit (ECF No. 1-2) is two invoices addressed to the City of Middleton. The first invoice is from CNP Waste Company in the amount $2,689.06. CNP Waste Company invoiced a "Delivery fee" corresponding to "POWERS HOUSE", and several entries for transportation fees for open top containers and landfill fees. The second invoice is from Grantham Backhoe in the amount of $1,900.00. This invoice states "Clean up at 376 N. Main St., Middleton, TN 'Powers' included man hr."

The third exhibit (ECF No. 1-3) is a probation order issued by the General Sessions Court of Hardeman County, Tennessee, in *State of Tennessee v. Johnny Powers*, docket number 23CR-641, entered on June 20, 2023. The order indicates that Powers was convicted of two counts of "Resisting," and sentenced to a term of supervised probation for eleven (11) months and twenty-nine (29) days. The probation order outlines the terms and conditions of Powers' probation and states that he will remain under supervised probation until court costs and fines in the amount of $847.50 are paid.

The final exhibit (ECF No. 1-4) consists of four pages of copies of receipts where Powers made payments to the Corrections Management Corporation Misdemeanor Probation. There are sixteen receipts ranging between the dates of June 23, 2023, and May 24, 2024, and totaling $190.00 in payments.

In its Motion to Dismiss, the City of Middleton argues that the Pro Se Complaint lacks enough factual material to state a plausible claim for relief. Powers has responded in opposition and asserts what seem to be additional facts about his claims. For example, Powers states that his real property was damaged and that personal property was lost or destroyed by their "big machines" and "equipment." Powers also appears to state that he tried to stop the big machines and equipment from being on his property and had an altercation with the police. Powers seems to allege in his response that he was injured by the police during his altercation and was held in jail for two weeks on charges of resisting arrest.

The Magistrate Judge has recommended that the Court grant the Motion to Dismiss, for largely the reasons argued by Defendant. In the alternative, the Magistrate Judge has recommended that the Court grant Powers leave to amend his pleadings to include the additional

facts raised in his response brief.  Plaintiff's timely objections followed, in which Powers again states what seem to be new or additional facts in support of his claims.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the United States Magistrate Judge.  *Id.*  However, the Court need not review any portion of the recommendation to which Plaintiff did not specifically object.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).  The Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed.  *Id.*

## ANALYSIS

The Court holds that Plaintiff has failed to raise any specific objection to the Magistrate Judge's recommendation that the Pro Se Complaint fails to state a claim for relief.  Plaintiff has argued that facts other than those alleged in his pleading make dismissal improper.  However, in deciding a Motion to Dismiss like the one filed by Defendant, the Court is confined to the facts actually alleged in the pleading. The Court therefore adopts the Magistrate Judge's recommendation and **GRANTS** the Motion to Dismiss.

The Court further adopts the Magistrate Judge's recommendation to grant Plaintiff leave to amend.  In both his response to the Motion to Dismiss and in his objections to the report and recommendation, Plaintiff has raised what seem to be facts other than those he included in his original pleading.  Under the circumstances, the Court finds good cause to grant Plaintiff leave to

file an amended pleading.  Plaintiff will have 21 days from the service of this order in which to file his amended pleading.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation of the United States Magistrate Judge is adopted.  Defendant's Motion to Dismiss is **GRANTED**.  The Court will grant Plaintiff an opportunity to cure the defects in his Pro Se Complaint by filing an amended pleading, including any and all of the facts supporting his claim under 42 U.S.C. § 1983.  Plaintiff is cautioned that the failure to file an amended pleading or to request an extension of time within the deadline set by the Court will result in the dismissal of his case without further notice.  This matter is recommitted to the Magistrate Judge for the management of all further pretrial matters.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  November 25, 2024