IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHNNY RICHARD POWERS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-01121-STA-jay |
| | ) |
| CITY OF MIDDLETON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS**
**ORDER ON APPELLATE ISSUES**

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 25) that the Court grant Defendant City of Middleton's Second Motion to Dismiss (ECF No. 24). Plaintiff Johnny Richard Powers, Jr. has filed timely objections (ECF No. 26) to the report and recommendation, and Defendant has responded to Plaintiff's filing. For the reasons set forth below, the Magistrate Judge's report and recommendation is **ADOPTED**, and Defendant's Second Motion to Dismiss is **GRANTED**.

**BACKGROUND**

On June 7, 2024, Plaintiff filed a Pro Se Complaint using the form for complaints for the violation of civil rights based on 42 U.S.C. § 1983. The Pro Se Complaint named the City of Middleton, Tennessee as the only Defendant. Plaintiff paid the civil filing fee and caused summons to issue. Pursuant to Administrative Order 2013-05, the case was assigned to the Magistrate Judge for the management of all pretrial matters, including the determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters.

When Defendant filed a motion to dismiss Plaintiff's original Complaint, the Magistrate Judge recommended that the Court either grant the motion to dismiss or in the alternative allow Plaintiff to amend his Complaint. In an order entered November 25, 2024, the Court adopted the recommendation and granted Plaintiff the opportunity to amend his pleading.

Plaintiff filed his Amended Complaint (ECF No. 21) on December 16, 2024. As part of his report and recommendation on Defendant's Second Motion to Dismiss, the Magistrate Judge has quoted the full allegations of the Amended Complaint as follows:

> I thank you for maybe reconsidering and rethinking about not granting the City of Middleton's motion to dismiss since I have a witness to what went down that day. My dad he seen everything that happened and what was said and also I would like to say and or mention that they slandered my name and character by saying that I committed a criminal act that day when I did no such thing because all I did was try to find out what they were doing and why they were there before being assaulted but the police and being injured or should I say reinjured on my right knee from a previous car accident that happened several years ago. I also want to mention that I am sending the pictures of the property damage that my dad took after the City of Middleton and or others destructed and tore up and I would like to say that none of this had to happen if they would have obeyed the law that is the City of Middleton and others of the land and GODS laws which they broke both not to mention singling me out from everyone else in the City of Middleton which shouldn't have done. So in closing and not to repeat everything you already know the other things that I have already submitted in the past letters or filings that I have sent to you. Just go ahead and follow your heart where the Lord leads you and I pray that you may reconsider not granting the City of Middleton a motion to dismiss and to maybe grant me an extension on my case against the City of Middleton so that I can defend myself against the people who done me and my neighbors and friends wrong and they can be compensated for their theft of property also and one more thing I just wanted to say thank you again for another chance appeal my case and GOD BLESS you and your family.

Am. Compl. 1 (ECF No. 21).

The Amended Complaint included five exhibits, all photographs purporting to show the alleged damage caused by the City of Middleton (or presumably its agents, though nothing makes that clear). Three of the photographs show structures that appear to be a

home or garage, and the remaining two pictures show various outdoor scenes. As the Magistrate Judge noted in his report, the above quoted statement and the five photographs comprise Plaintiff's entire Amended Complaint.

The filing of the Amended Complaint technically renders the original Complaint a nullity. Even so, the Court takes notice here that the original Complaint included a different set of exhibits. The first exhibit was a letter addressed to Plaintiff from Jimmy Simpson, the City Administrator, dated June 30, 2023, which stated as follows:

> Mr. Powers,
>
> Enclosed are invoices submitted to the City of Middleton for the costs incurred by the City in remedying the condition of your property as noted in the multiple written letters sent to you since September 2019. Demand is made that payment by you to the City of the total sum of these invoices, that is $4,589.06, be made within thirty (30) days of the date of this letter. Failure to reimburse the City this sum will result in the filing of a Notice of Lien on your property in favor of the City and assessed as a special assessment on your 2023 property tax bill. If you have any questions, you may call City Hall.

ECF No. 1-1.

The second exhibit (ECF No. 1-2) consisted of two invoices addressed to the City of Middleton. The first invoice is from CNP Waste Company in the amount $2,689.06. CNP Waste Company invoiced a "Delivery fee" corresponding to "POWERS HOUSE", and several entries for transportation fees for open top containers and landfill fees. The second invoice was from Grantham Backhoe in the amount of $1,900.00. This invoice stated "Clean up at 376 N. Main St., Middleton, TN 'Powers' included man hr."

The third exhibit (ECF No. 1-3) is a probation order issued by the General Sessions Court of Hardeman County, Tennessee, in *State of Tennessee v. Johnny Powers*, docket number 23CR-641, entered on June 20, 2023. The order indicated that Powers was convicted of two counts of

"Resisting" and sentenced to a term of supervised probation for eleven (11) months and twenty-nine (29) days. The probation order outlined the terms and conditions of Powers' probation and stated that he would remain under supervised probation until court costs and fines in the amount of $847.50 were paid.

The final exhibit (ECF No. 1-4) consisted of copies of receipts where Powers made payments to the Corrections Management Corporation Misdemeanor Probation. There are sixteen receipts ranging between the dates of June 23, 2023, and May 24, 2024, and totaling $190.00 in payments.

In its Second Motion to Dismiss, the City of Middleton argues that the Amended Complaint fails to state a claim over which the Court has subject matter jurisdiction and lacks enough factual material to state a plausible claim for relief. Powers did not respond to the Second Motion to Dismiss. The Magistrate Judge has recommended that the Court grant the Second Motion to Dismiss, for largely the reasons argued by Defendant.

Plaintiff filed a document with the Court in response to the report and recommendation, and the Clerk of Court has docketed the paper as an objection. Plaintiff once again raises what appear to be new facts about unidentified neighbors making complaints to the City of Middleton about the condition of Plaintiff's property. Plaintiff asserts that the neighbors knew about the state of his property when they moved near Plaintiff. Plaintiff also reiterates his theory that the City of Middleton singled him out when it decided to act on the complaints and enter onto Plaintiff's property to clean it up.

In its response to Plaintiff's filing, the City of Middleton argues that Plaintiff has failed to raise a specific objection to the Magistrate Judge's recommendation. As such, Plaintiff has not

focused the Court's attention on any particular aspect of the recommendation and thereby failed to preserve his objections.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the United States Magistrate Judge. *Id.* However, the Court need not review any portion of the recommendation to which Plaintiff did not specifically object. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). The Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.*

## ANALYSIS

The Court holds that just as he did in response to the Magistrate Judge's initial recommendation, Plaintiff has failed to raise any specific objection to the Magistrate Judge's recommendation that the Amended Complaint fails to invoke the Court's jurisdiction or state a claim for relief. The United States Court of Appeals for the Sixth Circuit has held that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Plaintiff's latest filing, which the Court liberally construes as an objection to the Magistrate Judge's recommendation, never points to any specific objection in the Magistrate Judge's report

and recommendation. The Court can only surmise that Plaintiff's paper is a general objection to the recommended disposition of Defendant's Second Motion to Dismiss.

> A general objection to the entirety of the magistrate [judge]'s report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard*, 932 F.2d at 509 (citing *Arn*, 474 U.S. at 148). To the extent that Plaintiff's paper fails to raise specific and focused objections, the Court declines to attempt to divine each and every possible objection to the Magistrate Judge's report and recommendation Plaintiff might have raised.[1]

Even viewing the Amended Complaint (and all of the other information furnished by Powers) in a light most favorable to him, Plaintiff has not invoked any basis for the Court's jurisdiction or alleged how the actions of the City of Middleton give this Court jurisdiction over his injuries. As far as the Court can tell, the gist of Plaintiff's claim is that the City of Middleton came onto his property in response to complaints about unspecified conditions at the property.

---

[1] Not only has Plaintiff failed to raise a specific objection to the recommendation, Plaintiff also failed to respond to Defendant's Second Motion to Dismiss and then only stated his position as part of an objection to the report. Just as he did in his previous attempt to avoid dismissal, Plaintiff continues to argue facts other than those alleged in his pleadings, for example, that a neighbor who is not named in the objection or anywhere else in Plaintiff's filings made complaints about the condition of Plaintiff's property to city government. However, in deciding a Motion to Dismiss like the one filed by Defendant, the Court is confined to the facts actually alleged in the pleading.

The pleadings and exhibits suggest that someone, presumably the contractors who performed the cleanup, may have caused damage to Plaintiff's property. Plaintiff also implies that law enforcement responded and charged him with an "resisting," though that allegation is only implied from the information attached to the original Complaint. The Amended Complaint includes photo exhibits but without explaining what the photos show, much less how they support Plaintiff's claim against the City of Middleton.

In sum, nothing in Plaintiff's papers or exhibits provides a basis for the Court to exercise subject matter jurisdiction. Plaintiff's original Complaint was filed using the form for civil actions under 42 U.S.C. § 1983, a statute that would allow a citizen to sue a person who acted under color of law and deprived them of their constitutional rights. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Here, the Complaint contains no facts to show that a violation of Plaintiff's constitutional rights occurred or that the City of Middleton is responsible for any violation of his rights. Other than using the official form (and then only for the original Complaint), Plaintiff has never alleged the elements of a § 1983 claim or explained a factual basis for holding the City of Middleton liable for violating a right secured by the Constitution.

Based on its *de novo* review of the Magistrate Judge's report and recommendation and Plaintiff's objection (though entirely lacking in specificity), the Court **ADOPTS** the Magistrate Judge's report and recommendation and **GRANTS** the Second Motion to Dismiss. The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Powers to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, Plaintiffs' failure to plead the elements of any claim over which the Court has subject matter jurisdiction and the failure to state a claim, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the

---

[2] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

    **IT IS SO ORDERED.**

                                                     **s/ S. Thomas Anderson**
                                                     S. THOMAS ANDERSON
                                                     UNITED STATES DISTRICT JUDGE

                                                     Date:  April 29, 2025.